IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS, AIS # 189240, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-892-WKW |
| | ) | [WO] |
| JANARIUS JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant J. C. Giles's motion to dismiss.  (Doc. # 21.)

Plaintiff James Williams filed a response in opposition (Doc. # 25), to which

Defendant filed a reply (Doc. # 26).  The motion is due to be granted in part and

denied in part.

**I.  JURISDICTION AND VENUE**

The court exercises subject matter jurisdiction over this case pursuant to 28

U.S.C. § 1331.  The parties do not contest personal jurisdiction or venue.

**II.  STANDARDS OF REVIEW**

**A.     Rule 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges

the court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-*

*Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  On a Rule 12(b)(1) facial

attack, the court evaluates whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction," employing standards similar to those governing Rule 12(b)(6) review. *Id.*

**B.** **Rule 12(b)(6)**

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the complaint's allegations as true and "construe[s] them in the light most favorable to" the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

## III. BACKGROUND

Mr. Williams, while incarcerated at Ventress Correctional Facility, suffered multiple stab wounds by another inmate armed with an ice pick. Mr. Williams's injuries were life threatening and required hospitalization. Warden Giles, the warden at the time, was "in charge of all security, monitoring, administrative, and protection

procedures and policies at Ventress." (Compl. ¶ 3.) And Warden Giles was "well

aware of the potential for violent altercations such as these and did nothing to either

prevent [the unprovoked attack] or ensure that his subordinates would quickly and

adequately respond to the situation." (Compl. ¶ 5.) Mr. Williams's claim is that

Warden Giles acted with deliberate indifference to a serious risk of injury when he

failed to protect Mr. Williams from being physically attacked by another inmate. Mr.

Williams sues Warden Giles, individually and in his official capacity, under 42

U.S.C. § 1983, alleging an Eighth Amendment deliberate indifference claim. He

seeks compensatory and punitive damages.

## IV.  DISCUSSION

Warden Giles moves to dismiss the official-capacity claim based upon Eleventh

Amendment immunity and the individual-capacity claim based upon the absence of

plausible allegations to establish supervisory liability. Mr. Williams does not address

the Eleventh Amendment argument, but instead focuses on qualified immunity,

contending that it is a "question of fact" whether Warden Giles knew of but

disregarded a substantial risk to Mr. Williams's safety. (Doc. # 25, at 6.) In his reply,

Warden Giles disavows for now any reliance on qualified immunity and asserts that

the summary judgment decisions upon which Mr. Williams relies are not relevant to

the question concerning the sufficiency of the Complaint's allegations to state a

supervisory liability claim.  Warden Giles focuses on the absence of allegations of a causal connection tying him to the harms Mr. Williams suffered.  He argues that at bottom the Complaint fails to make "specific allegation[s] of a history of widespread abuse' or a 'custom or policy' that caused" Mr. Williams's harm.  (Doc. # 26, at 3.)

## A.    Official-Capacity Claim

The law is clear:  "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).  As a warden of an Alabama state prison, Warden Giles is a state official. *See Sasser v. Ala. Dep't of Corrs.*, 373 F. Supp. 2d 1276, 1291 (M.D. Ala. 2005).  And Mr. Williams sues Warden Giles in his official capacity for damages.  The conclusion, thus, is clear: The Eleventh Amendment insulates Warden Giles from liability on Mr. Williams's § 1983 official-liability claim against him for monetary damages.  Mr. Williams has not contended otherwise.

Accordingly, Warden Giles's motion to dismiss is due to be granted as to the § 1983 official-capacity claim.  The dismissal is pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Seaborn v. Fla. Dep't of Corrs.*, 143 F.3d 1405, 1407 (11th Cir. 1998) ("An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction.").

**B.    Individual-Capacity Claim**

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . .  It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (citation and internal quotation marks omitted).  For that reason, to set forth a failure-to-protect claim under the Eighth Amendment, a plaintiff "must plead facts that establish (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  Deliberate indifference means that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

Additionally, to state a § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  A § 1983 plaintiff cannot rely on theories of vicarious liability or *respondeat superior*.  *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1115–16 (11th Cir. 2005).  "Supervisory liability [under § 1983] occurs either when the supervisor personally

participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citation and internal quotation marks omitted). "A plaintiff can establish the required causal connection by documenting either (1) a history of widespread abuse that would put a responsible supervisor on notice of the need to correct the alleged deprivation, and the supervisor's failure to correct the problem; or (2) an official custom or policy that led to the violation." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (citing *Hartley*, 193 F.3d at 1269).

Mr. Williams does not allege facts that establish a causal connection between Warden Giles's actions and the alleged constitutional deprivation. There are no facts that Warden Giles personally participated in the attack or that he was present when it took place. Also, there is nothing in the facts showing that there was a history of widespread inmate-on-inmate attacks that would have put Warden Giles on notice of the need to correct the constitutional violations. His allegation that there was a "potential for violent altercations" between inmates states the obvious in a prison setting (Compl. ¶ 5), but does not establish that there actually was a history of widespread inmate-on-inmate violence that Warden Giles failed to address or prevent. Mr. Williams cites only the incident involving himself. Likewise, the Complaint is

devoid of any allegations that Warden Giles implemented an improper custom or policy that led to deliberate indifference to inmates' constitutional rights.

Based on these pleading deficiencies, the Complaint does not allege a plausible Eighth Amendment claim against Warden Giles that he acted deliberately indifferent to Mr. Williams's safety.[1]   Accordingly, the Eighth Amendment deliberate indifference claim is due to be dismissed against Warden Giles.

## V.  CONCLUSION

Based on the foregoing, it is ORDERED that the motion to dismiss (Doc. # 21) is GRANTED as to the § 1983 official-capacity claim against Warden Giles for damages, but DENIED as to the § 1983 individual-capacity claim against him.  It is further ORDERED that Mr. Williams is GRANTED leave to file an amended complaint to include factual allegations plausibly stating a § 1983 Eighth Amendment claim for deliberate indifference against Warden Giles in his individual capacity.

---

[1] Two matters are noted here.  First, this opinion does not address the interplay between the Eighth Amendment and qualified immunity because contrary to Mr. Williams's assertion, Warden Giles does not rely on qualified immunity as grounds for dismissal, but rather on the insufficiency of the allegations to state an Eighth Amendment deliberate indifference claim.  *See generally Saucier v. Katz*, 533 U.S. 194, 201 (2001) (noting "[i]f no constitutional right would have been violated . . . , there is no necessity for further inquiries concerning qualified immunity), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).  Second, the court does not rely on the summary judgment standard as does Mr. Williams.  Because this is a motion to dismiss, and not one for summary judgment, the issue is not whether there is a genuine dispute as to any material fact, *see* Fed. R. Civ. P. 56(a), but rather, whether the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.

Any amended complaint shall comply with the directives in this opinion and shall comply with this District's local rules for the filing of amendments. *See* M.D. Ala. L. R. 15.1. Failure to file an amended complaint by **November 20, 2013**, will result in dismissal of Mr. Williams's § 1983 Eighth Amendment claim against Warden Giles in his individual capacity.

DONE this 7th day of November, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE